**EXHIBIT A**

Electronically Filed
9/13/2018 3:12 PM
First Judicial District, Kootenai County
Jim Brannon, Clerk of the Court
By: Katherine Hayden, Deputy Clerk

Patrick K. Fannin
Fannin Litigation Group, P.S.
1312 N. Monroe St.
Spokane, WA 99201
Telephone: (509) 328-8204
ISB No.: 8315
Attorney for Plaintiff Ahlwardt

## IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| SAMUEL AHLWARDT, a single person, | CASE NO. CV28-18-7341 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | JURY TRIAL DEMANDED |
| JOUBERT PRODUCTIONS, S.A.S.; and LOWE'S HOME CENTERS, LLC | |
| Defendants. | |

Plaintiff alleges and complains as follows:

### PARTIES AND JURISDICTION

1.    The plaintiff, Samuel Ahlwardt, resides at 2274 W. Rousseau Drive, Coeur d'Alene, Kootenai County, 83815.

2.    The defendant corporation, Joubert Productions, S.A.S. (hereinafter "Joubert"), is a corporation whose principal place of business is Champ de Clure, BP No 67, Ambert, 63600 France, at all material times did business in the state of Idaho and engaged in the design, manufacture, assembly, marketing, advertising, drafting of product literature and labeling, and/or distribution and sale of its bungee cord and defective hook, which injured the plaintiff. The state

COMPLAINT FOR DAMAGES - 1                    Mitchell, John T.

of Idaho has jurisdiction over this defendant arising from the defendant's doing business in Idaho. The defendant has at all material times engaged in continuous and systematic business with sufficient "contacts" within the state of Idaho to confer jurisdiction upon the defendants.

3.      The defendant corporation, Lowe's Home Centers, LLC. (hereinafter "Lowe's"), whose principal office is 1605 Curtis Bridge Road, Wilkesboro, North Carolina, at all material times did business in the state of Idaho including operating a store in Coeur d'Alene where the subject bungee cord and hook was purchased, and engaged in the design, manufacture, assembly, marketing, advertising, drafting of product literature and labeling, and/or distribution and sale of the bungee cord and hook, which injured the plaintiff. The state of Idaho has jurisdiction over this defendant arising from the defendant's doing business in Idaho. The defendant has at all material times engaged in continuous and systematic business with sufficient "contacts" within the state of Idaho to confer jurisdiction upon the defendants.

4.      Jurisdiction for this matter is proper in the First Judicial District, Kootenai County, State of Idaho. The underlying basis for this claim involves injuries sustained when a bungee hook broke and permanently damaged the plaintiff's eye that occurred in Coeur d'Alene, in Kootenai County, within the State of Idaho.

5.      The incident alleged by Plaintiff took place in Kootenai County, State of Idaho. Pursuant to Idaho Code, venue is proper in Kootenai County.

6.      The jurisdictional amount for filing this action is satisfied.


## ADDITIONAL FACTS

7.      On September 19, 2016, the plaintiff, Samuel Ahlwardt, was caused to suffer severe traumatic eye damage as a result of the defective and unreasonably dangerous bungee cord and the hook affixed to the defendants' bungee cord, including vision loss; a vitreous; a retinal hemorrhage; chorioretinal scar; inflammation in the anterior chamber; subretinal hemorrhage of the optic nerve; a central subretinal hemorrhage of the macula, edema within the macula and commotio scattered 360 degrees in the right eye.

Plaintiff's treatment included initially having a gas bubble placed in his eye in an attempt to displace the blood, which was unsuccessful. He received injections of Avastin to treat the blood

and fluid in the macula. The bungee cord trauma inflicted upon the Plaintiff caused a horoidal rupture which, in turn, caused a Choroidal Neovascular Membrane ("CNV") to develop.

This all caused the Plaintiff to suffer permanent damage to his vision including: (1) decreased vision; (2) vision that is distorted in his right eye; and, (3) resulting in disparity between his two eyes, causing poor depth perception and equilibrium issues.

The prognosis for his vision is guarded at best. He has had, and will likely require over the course of his lifetime, further Avastin injections into his right eyeball.

Additionally, the scar in his macula is permanent in nature and distorts his vision.

Additionally, as a result of this bungee cord trauma, the Plaintiff is, and will remain over his lifetime, being at increased risk in his injured eye of developing Glaucoma; Cataracts; Retinal Detachment, as well as the complication of Choroidal Rupture he has already suffered, called Choroidal Neovascularization ("CNV"). He will require lifelong monitoring for these conditions as prompt diagnosis and management of all of these further complications are essential to prevent even further vision loss.

8.     This injury to the plaintiff, Samuel Ahlwardt, was caused to occur when this bungee cord sprang through the opening in one of the hooks, during its ordinary and foreseeable use, causing the cord to come loose and spring back into the plaintiff's right eye, thereby causing severe and permanent damage to that eye as specified in Paragraph 7 above.

9.     As a result, Samuel Ahlwardt has suffered permanent damage to his right eye, and will remain at risk of suffering further damage in the future including all of the complications set forth in paragraph 7 above, and even further pain and suffering.

10.     As a further result of the above, the plaintiff incurred substantial bills for surgeries, hospitalizations, and medical treatment, and he is expected to incur substantial additional bills for treatment of his right eye for the rest of his life, all to his great detriment and loss.

11.     As a further result of the above, the plaintiff has suffered a permanent loss and depreciation in his earning capacity caused by the above eye damage.

12.     As a further result of said actions of the defendants herein, the plaintiff has suffered great physical pain, mental anguish, loss of pleasure and enjoyment, worry, disfigurement, and loss of function of his eye, and is expected to continue to suffer same for the rest of his life, all to his great detriment and loss.

COMPLAINT FOR DAMAGES - 3

## JURISDICTION AND VENUE

## COUNTS

Each Count set forth below specifically incorporates by reference herein Paragraphs 1 through 12 above, previously set forth against the defendants.

## COUNT I:  SAMUEL AHLWARDT V. JOUBERT PRODUCTIONS, S.A.S:
## RULE 402A STRICT LIABILITY FOR DESIGN OF THIS UNREASONABLY
## DANGEROUS AND DEFECTIVE CONDITION – (DESIGN DEFECT)

13.      All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

14.      The defendant corporation, Joubert, is liable to compensate the plaintiff for all of the harm, pain, suffering, and all damages, past and future as a result of Joubert's design and manufacture of the unreasonably dangerous and defective product sold to the plaintiff, as is the law as set forth in Rule 402A Strict Liability.

## COUNT II: SAMUEL AHLWARDT V. JOUBERT PRODUCTIONS, S.A.S:
## RULE 402A STRICT LIABILITY FOR "MANUFACTURING DEFECT,"
## IE., THIS PARTICULAR HOOK AS MANUFACTURED WAS DEFECTIVE AND
## UNREASONABLY DANGEROUS

15.      All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

16.      The defendant corporation, Joubert, is liable to compensate the plaintiff for all of the harm, pain, suffering, and all damages, past and future as a result of Joubert's design and manufacture of the unreasonably dangerous and defective product sold to the plaintiff, as is the law as set forth in Rule 402A Strict Liability.

## COUNT III: SAMUEL AHLWARDT v. JOUBERT PRODUCTIONS, S.A.S: BREACH
## OF IMPLIED WARRANTY OF MERCHANTABILITY

COMPLAINT FOR DAMAGES - 4

17.    All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

18.    The defendant corporation, Joubert, is liable to compensate the plaintiff for all of the harm, pain, suffering and damages, past and future as a result of Joubert's breach of the implied warranty of merchantability.  The applicable law imposed upon the defendant an obligation to have impliedly warranted, with respect to its bungee cord, that it was merchantable, fit for its intended uses, and reasonably safe.  Defendant breached this implied warranty of merchantability because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes.  Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of defendant's breach of said implied warranties imposed by law.

### COUNT IV:  SAMUEL AHLWARDT V. JOUBERT PRODUCTIONS, S.A.S:
### BREACH OF IMPLIED WARRANTY OF FITNESS
### FOR A PARTICULAR PURPOSE

19.    All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

20.    The defendant corporation, Joubert, is liable to compensate the plaintiff for all of the harm, pain, suffering, and all damage, past and future, as a result of Joubert's breach of implied warranty of fitness for a particular purpose.  The applicable law imposes upon the defendant an obligation to have impliedly warranted, with respect to its bungee cord, that it was fit and reasonably safe for the particular purpose that it was sold to accomplish.  Defendant breached this implied warranty of fitness for a particular purpose because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes.  Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of defendant's breach of said implied warranties imposed by law.

### COUNT V. SAMUEL AHLWARDT V. JOUBERT PRODUCTIONS, S.A.S:
### NEGLIGENCE

21.    All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

COMPLAINT FOR DAMAGES - 5

22.     This is an action in tort for negligence against the defendant, Joubert, by the plaintiff, Samuel Ahlwardt.  The injuries sustained by the plaintiff were the direct and proximate cause of the carelessness and negligence of the defendant in numerous respects.

## COUNT VI: SAMUEL AHLWARDT V. JOUBERT PRODUCTIONS, S.A.S:
### IDAHO CODE 6-1401 et seq.

23.     All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

24.     Defendant Joubert Productions, S.A.S. is liable to Plaintiff for his damages, as alleged herein, under Idaho Code 6-1401 et seq., governing product liability claims.

## COUNT VII:  SAMUEL AHLWARDT V. LOWE'S HOME CENTERS, LLC:
### RULE 402A STRICT LIABILITY FOR AN UNREASONABLY
### DANGEROUS AND DEFECTIVE PRODUCT

25.     All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

26.     The defendant corporation, Lowe's, is liable to compensate the plaintiff for all of the harm, pain, suffering, and all damages, past and future as a result of Lowe's sale to the plaintiff of an unreasonably  dangerous and defective product as is the law as set forth in Rule 402A Strict Liability.

## COUNT VIII. SAMUEL AHLWARDT v. LOWE'S HOME CENTERS, LLC:
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

27.     All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

28.     The defendant corporation, Lowe's, is liable to compensate the plaintiff for all of the harm, pain, suffering and damages, past and future as a result of Lowe's breach of the implied warranty of merchantability.  The applicable law imposed upon the defendant an obligation to have impliedly warranted, with respect to its bungee cord, that it was merchantable, fit for its intended uses, and reasonably safe.  Defendant breached this implied warranty of merchantability

COMPLAINT FOR DAMAGES - 6

because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of defendant's breach of said implied warranties imposed by law.

## COUNT IX:  SAMUEL AHLWARDT V. LOWE'S HOME CENTERS, LLC:
### BREACH OF IMPLIED WARRANTY OF
### FITNESS FOR A PARTICULAR PURPOSE

29.     All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

30.     The defendant corporation, Lowe's, is liable to compensate the plaintiff for all of the harm, pain, suffering, and all damage, past and future, as a result of Lowe's breach of implied warranty of fitness for a particular purpose. The applicable law imposes upon the defendant an obligation to have impliedly warranted, with respect to its bungee cord, that it was fit and reasonably safe for the particular purpose that it was sold to accomplish. Defendant breached this implied warranty of fitness for a particular purpose because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of defendant's breach of said implied warranties imposed by law.

## COUNT X. SAMUEL AHLWARDT V. LOWE'S HOME CENTERS, LLC
### NEGLIGENCE

31.     All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

32.     This is an action in tort for negligence against the defendant, Lowe's, by the plaintiff, Samuel Ahlwardt. The injuries sustained by the plaintiff were the direct and proximate cause of the carelessness and negligence of the defendant in numerous respects.

## COUNT XI: SAMUEL AHLWARDT V. LOWE'S HOME CENTERS, LLC:
### IDAHO CODE 6-1401 et seq.

33.     All of the facts and allegations set forth above in paragraphs 1-12 are hereby restated and incorporated by reference herein.

COMPLAINT FOR DAMAGES - 7

34.     Defendant Lowe's Home Centers, LLC, is liable to Plaintiff for his damages, as alleged herein, under Idaho Code 6-1401 et seq., governing product liability claims.

## DAMAGES

35.     As a direct and proximate cause of the negligence of the Defendants, Plaintiff was severely injured.

36.     As a direct and proximate cause of Defendants negligence, Plaintiff has suffered and will suffer in the future economic damages as follows:

        a.     Past and future medical expenses and costs;

        b.     Past and future loss of earning capacity and earnings;

        c.     Past and Future Chore or Domestic Services;

        d.     Past and Future Prescription Costs;

        e.     Past and Future transportation costs to and from appointments;

        f.     Attorney fees and costs, including those allowed under this Court's Rules and Idaho Statute and,

        g.     Other losses to be determined at the time of trial.

37.     As a direct and proximate cause of Defendants negligence, Plaintiff has suffered and will suffer in the future general damages as follows:

        a.     Severe physical injuries and harm including all of those damages and conditions set forth in paragraph 7, severe pain and suffering and mental and emotional distress;

        b.     Past and future disability;

        c.     Inconvenience, loss of enjoyment and pleasures of life; and

        d.     Other losses to be determined at the time of trial.

38.     All of the above damages far exceed $10,000.00 and therefore jurisdiction of the District Court is proper.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for the Court to order the following relief against Defendants jointly and severally:

COMPLAINT FOR DAMAGES - 8

39.     An award of damages compensating Plaintiff for his economic damages, past and future, in an amount to be proven at trial.

40.     An award of damages compensating Plaintiff for his past and future non-economic damages, in an amount to be proven at trial but no less than the statutory cap.

41.     An award of attorney fees, costs and disbursements herein.

42.     An award of post-judgment interest to the maximum extent allowed by law.

43.     An award of prejudgment interest on all prejudgment economic damages to the maximum extent permitted by law in an amount to be proven at trial.

44.     For a trial by jury of not less than twelve (12); and,

45.     For such other and further relief as the Court deems just and equitable.


Dated this 13th day of September, 2018.


FANNIN LITIGATION GROUP, P.S.


Patrick Fannin, ISB# 8315
Attorney for Plaintiff Ahlwardt

COMPLAINT FOR DAMAGES - 9